[No. 16902.   Department One.   January 6, 1922.]

THE STATE OF WASHINGTON, *on the Relation of Frank
L. Deignan et al., Plaintiff*, v. EVERETT SMITH,
*as Judge of the Superior Court for
King County, Respondent.*[1]

STIPULATIONS (2)—CONSTRUCTION AND OPERATION.   An agree-
ment, entered into on the trial of an action, not to issue an execu-
tion on the judgment that may be obtained therein until the trial
and determination of another pending action, is sufficient to sup-
port an order staying execution on the judgment thereafter en-
tered in the prior action, where the conditions of such agreement
had not been complied with.

Application filed in the supreme court October 31,
1921, for a writ of mandamus to compel the superior
court for King county, Smith, J., to grant plaintiffs'
motion for the appointment of a commissioner to can-
cel certain mortgages.   Denied.

*James T. Lawler,* for relators.
*Thorwald Siegfried,* for respondent.

FULLERTON, J.—This is an application originally in-
stituted in this court for a writ of mandamus.   From
the very meager record before us we gather the follow-
ing facts:   The relator Frank L. Deignan performed
services as agent for one Olga W. Soelberg.   Deignan,
his wife joining in the complaint, instituted an action
against Mrs. Soelberg and another to recover a bal-
ance claimed to be due for the services rendered.   The
defendants in that action counterclaimed for money
received by Deignan which had not been accounted
for, and for money loaned to him by one Peter Wick-
strom, evidenced by notes secured by mortgages on
the plaintiffs' real property, which notes and mort-

[1]Reported in 203 Pac. 373.

gages had been assigned to the defendants. A trial of the issues resulted in a money judgment in favor of the plaintiffs for the sum of $24.12, and a judgment annulling and cancelling the notes and mortgages mentioned. The judgment further directed the holder of the mortgages to cancel the same of record within ninety days from the date of the judgment, and provided that, in case of a failure or refusal so to do, the plaintiff could apply to the court for the appointment of a commissioner for that purpose. After the expiration of the ninety day period, the mortgages not having been canceled by their holder, the plaintiffs applied to the court for the appointment of a commissioner to cancel them. This application was resisted by the defendants, who also, at the same time, applied for stay of execution on the judgment until the further order of the court. The court, on the hearing, denied the application of the plaintiffs and granted that of the defendants.

The relief sought in this court is a writ directed to the lower court demanding it to grant the motion of the plaintiffs for the appointment of the commissioner. The reason assigned for the issuance of the writ is that no sufficient cause, either of law or of fact, is shown justifying the stay granted by the court. In opposition to the plaintiffs' motion, and in support of their own, the defendants filed the affidavit of their attorney. In substance, the affidavit recites that, at the time of the trial of the action in question, the defendants had another action pending against one Buckley for an injury committed by him to their lands; that counsel then representing them also represented them in the action against Buckley, and that the plaintiffs' counsel in the action on trial represented Buckley in the other action; that it developed in the cross-examination of the plaintiff Frank L. Deignan that he, as

the agent of the defendants, had consented to the acts
of Buckley which caused the injury for which they
were suing Buckley; that, conceiving this act of Deig-
nan rendered him liable along with Buckley for the
injury committed to their real property, and conceiv-
ing further that a judgment in the case on trial, entered
after they had acquired knowledge of plaintiffs' lia-
bility, might be a bar to an independent action against
him for the injury, they sought leave to amend their
answer by setting up his liability, as an additional de-
fense and counterclaim to the action then on trial;
that, in order to avoid delay in the pending trial, it
was stipulated and agreed between the parties that
Deignan might be made a party defendant in the ac-
tion against Buckley, and that that action should be
tried without being subject to any prejudice that might
otherwise arise by the judgment to be entered in the
action then on trial, and that execution should be
stayed on any judgment so entered until the trial and
determination of the other action. An answering af-
fidavit was filed in which the defendants' affidavit was
denied in *toto*, save that it was admitted ''that affiant
agreed that the defendant herein would not be preju-
diced in (the Buckley action) seeking to hold the plain-
tiff herein liable, in view of defendant's attempt to try
the issue in this cause, . . . and was willing to
agree and did agree that the defendant would not be
estopped from joining Frank L. Deignan with Cornel-
ius C. Buckley in said cause.'' The matter coming on
to be heard on these affidavits, the court was not satis-
fied therewith and required the parties to furnish it
with a transcript of so much of the testimony given in
the trial as bore upon the question, and, upon this be-
ing furnished, entered the order as before stated.

In this court the applicant for the writ has brought
before us only the affidavits filed—the transcript fur-

nished the trial court not being a part of the record.
We must assume, therefore, that the transcript sup-
ported the defendants' version of the transaction.
Stated in its broadest aspect, the question then is, will
an agreement, entered into on the trial of an action,
not to issue an execution on the judgment that may be
obtained therein until the trial and determination of
another pending action, support an order staying an
execution on the judgment thereafter entered, the con-
ditions of the agreement not then having been com-
plied with. It seems to us that it will. The agreement
was one competent for the parties to make. It was
founded on a substantial consideration, in that one of
the parties, on the faith of the agreement, forebore
what was to them a substantial right; a right which
cannot now be denied them without the possibility of
an irreparable injury. The agreement was not such
an agreement as inhered in the action on trial, but was
independent thereof and was not concluded by the final
judgment entered therein. We can, therefore, see no
legal reason why the agreement should not be en-
forced.

The writ will be denied.

PARKER, C. J., MITCHELL, TOLMAN, and BRIDGES, JJ.,
concur.