[No. 19330. *En Banc.* December 16, 1925.]

## In the Matter of the Estate of Charles Holmes, Deceased.[1]

[1] STIPULATIONS (2)—CONSTRUCTION AND OPERATION. In a stipulation to pay $500 to defray costs incurred in a will contest, in consideration of which the payee's appeal to the supreme court was to be dismissed "without costs" to either party, the later reference as to costs pertains to the appeal only and does not bar recovery of the $500.

[2] COMPROMISE AND SETTLEMENT (2, 2-1)—CONSIDERATION—VALIDITY. An agreement to pay the proponent of a will $500 as her costs incurred in the proceedings, upon dismissal of her appeal from an adverse decision, compromising pending litigation between the interested parties, is based on a valid consideration, notwithstanding an unsuccessful proponent is not entitled to recover costs out of the estate.

Appeal from a judgment of the superior court for Kittitas county, Davidson, J., entered January 20, 1925, denying a petition for distribution of an estate, after a hearing before the court. Reversed.

*James Walter Redden* and *Max Hardman,* for appellant.

*Harry L. Brown* and *Geo. E. Canfield,* for respondent.

MITCHELL, J.—Upon the record in this case, including statements and admissions in the respondents' brief on appeal, it appears that Charles Holmes died in Kittitas county, on October 22, 1922, leaving no known heirs. That administrators of his estate were appointed November 2, 1922. That, on March 22, 1923, Ethel Mae Nicholson Chapman filed her petition, and therewith an instrument purporting to be the last will and testament of Charles Holmes, deceased, in which she was

[1]Reported in 241 Pac. 660.

the chief beneficiary, praying that said instrument be admitted to probate as his last will and testament. At the time fixed for hearing the petition, the state of Washington, through its proper officers, exercising its rights under the statute of escheats, appeared and filed a written protest against and objected to the admission of the purported will. The hearing resulted in an order, duly entered on January 4, 1925, rejecting the probate of the instrument. The proponent appealed from that order, and while the appeal was pending, she and the state through its proper officers, entered into and filed in the cause a written stipulation as follows:

"That the appeal to the supreme court of the state of Washington of the said proponent from the order rejecting the said purported will and testament as offered for probate by her, shall be dismissed, and that the petition for contest proceedings instituted in the above matter, shall be dismissed, and an order be entered in the said estate directing the administrators of the estate of Charles Holmes, deceased, to pay to the attorneys for the proponent the sum of five hundred dollars ($500) as an allowance to defray her costs incurred in connection with proceedings in the matter of the said alleged will.

"That this stipulation is intended as a complete settlement of the controversy between the said Ethel Mae Nicholson Chapman and the state of Washington and as a settlement in full of any rights or claims that the said Ethel Mae Nicholson Chapman may have in the said estate."

On the faith of the stipulation, that appeal was dismissed.

On January 4, 1925, the administrators presented to the superior court their final account for settlement and petition for distribution. Thereupon Ethel Mae Nicholson Chapman filed and presented her petition, setting up the stipulation and asked that an order be made distributing $500 to her and directing the admin-

istrators to pay it. The state appeared in the action, and in writing admitted the allegations of the petition and asked that the amount be paid to the petitioner. The petition was denied, and an order to that effect was filed and entered January 22, 1925. Ethel Mae Nicholson Chapman has appealed. The administrators by their attorneys have appeared, resisting the cause of the appellant. The state has not filed any appearance.

[1] No reason, by way of findings or otherwise, was assigned by the trial judge for the order appealed from. On behalf of the administrators, however, it is argued that, because the stipulation recites that the $500 was "to defray her costs incurred in connection with proceedings in the matter of the alleged will," that she is barred from a recovery under the terms of the stipulation by which her appeal in this court was dismissed, to the effect that the appeal should be "dismissed without costs to either party." But an examination of the stipulation in this court upon which that appeal was dismissed shows clearly as to costs that it covered only the costs pertaining to the appeal.

[2] The administrators further contend that the appellant cannot prevail because of the rule announced in the cases of *Jasinto v. Hamblen,* 79 Wash. 590, 140 Pac. 677, and *In re Hutton's Estate,* 106 Wash. 578, 180 Pac. 882, 3 A. L. R. 1673, to the effect that "there is no provision of the code which provides that the costs and expenses of an unsuccessful contest shall be paid out of the estate." The contention, however, fails to grasp, and is at variance with, the true situation. The stipulation sought to be enforced was a compromise of pending litigation which it is the duty of courts, both of equity and of law, to encourage rather than discourage. It was a contract between interested parties competent to contract whereby, in consideration of the written

promise of one party to dismiss her appeal in pending litigation and settle the controversy, the other party agreed to pay her $500. It is wholly immaterial that, in fixing the amount to be paid, it was reckoned with reference to the expense she had incurred. The amount was to be paid to her, not as an unsuccessful proponent of the will, but because of her promise to cease litigating the matter by the abandonment of an appeal and dismissal of her action—a valuable consideration on her part. In 13 C. J. p. 350, § 206 (Contracts), in discussing the subject of "consideration" it is said:

"It is a sufficient consideration to relinquish, or to agree to relinquish, a defense in a suit; to waive the right to a jury trial; to forbear, or to agree to forbear, from contesting judgment; not to appeal, or to abandon an appeal."

In the case of *State ex rel. Deignan v. Smith,* 118 Wash. 194, 203 Pac. 373, wherein a situation similar in principle was under consideration, this court said:

"The agreement was one competent for the parties to make. It was founded on a substantial consideration, in that one of the parties, on the faith of the agreement, forebore what was to them a substantial right."

The state, which, under the statute of escheats, was entitled to the property, appeared in court and, joining the appellant asked that $500 be distributed and delivered to her by the decree of distribution because of a legitimate and solemn contract between the parties. It appears there was more than that amount escheating to the state. Under such circumstances, the petition should have been granted.

Reversed, and remanded with directions to the superior court to enter judgment according to the views herein expressed.

TOLMAN, C. J., MAIN, FULLERTON, HOLCOMB, ASKREN, and MACKINTOSH, JJ., concur.